## COMMONWEALTH *vs.* JOSHUA COTTO.

No. 06-P-677.

Hampden. May 3, 2007. - July 23, 2007.

Present: CYPHER, KANTROWITZ, & McHUGH, JJ.

*Controlled Substances. Firearms. Motor Vehicle,* Firearms. *Evidence,* Constructive possession. *Practice, Criminal,* Instructions to jury, Presumptions and burden of proof.

The evidence at a criminal trial was sufficient to warrant the defendant's convictions based on his constructive possession of a marijuana "blunt" and a handgun, where the defendant, a passenger in a motor vehicle stopped by police, demonstrated knowledge, ability, and intention to exercise dominion and control over those items through his alarming eye contact with an officer, his suspicious movements, and his proximity to the items. [591-594]

At a criminal trial, the judge's instructions to the jury regarding the elements of constructive possession, which failed to mention the element of intent, were sufficiently cured when the judge directly addressed this element in her supplemental instructions. [594-595]

At a criminal trial, the judge's response to a jury question, in which the judge mistakenly stated the burden of proof, did not create juror confusion or constitute a miscarriage of justice, where the mistake was a single, isolated slip of the tongue, which the judge quickly corrected. [595]

COMPLAINT received and sworn to in the Holyoke Division of the District Court Department on October 15, 2004.

The case was tried before *Rita S. Koenigs,* J.

*Laura C. Edmonds* for the defendant.

*Sidney E. Reavey,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. A jury in the District Court convicted the defendant, Joshua Cotto, of possession of a class D substance (marijuana), G. L. c. 94C, § 34, and carrying a firearm without a license, G. L. c. 269, § 10(*a*). He appeals, claiming that the trial judge erred by (1) not granting his motion for a required finding of not guilty, and (2) providing the jury with erroneous and

misleading instructions regarding the elements of constructive possession and the burden of proof. We affirm.

*Facts.* On October 15, 2004, at approximately 2:20 A.M., State Troopers Daniel Tucker and Adam Mathieu were on patrol in separate cruisers in the city of Holyoke. They were parked next to each other at a gasoline station when they noticed a Mitsubishi Gallant sedan with a loud exhaust and a broken headlight. Trooper Mathieu activated his cruiser's lights and proceeded to pull the vehicle over, while Trooper Tucker followed closely behind as backup. As they approached the vehicle, Trooper Mathieu observed five occupants in the car, two in the front seat and three in the back seat. After obtaining the operator's license and registration, Trooper Mathieu discovered that the license had been suspended. He also detected a "strong smell of marijuana coming from within the vehicle." The troopers requested each occupant to leave the vehicle, one by one, through the passenger-side door.

The defendant was seated in the back seat, behind the driver, with two individuals to his right. Trooper Tucker positioned himself at a vantage point that allowed him to watch the remaining occupants, while Trooper Mathieu removed the occupants from the vehicle. After the other two back seat occupants had been removed from the vehicle, the defendant slid over behind the front passenger seat, preparing to leave. At this point, the defendant "wouldn't take his eyes off" Trooper Tucker. Trooper Tucker testified that this was alarming because "any time someone gets removed from a vehicle, all the other occupants are worried about what's happening to them[,] not what the other trooper is doing." Trooper Tucker then positioned himself at the rear of the vehicle and saw the defendant "shoving his feet underneath the seat, so [Tucker] couldn't see," with his "left toe to his right heel and he put them both underneath the [front passenger] seat sideways."

After the defendant was removed from the vehicle, Trooper Tucker discovered a marijuana blunt[1] on the floor area where the defendant's feet had been. Upon looking further underneath the front passenger seat, Trooper Tucker discovered a metal handgun

---

[1]"Blunt" is a term used to describe a cigar from which the tobacco has been removed and replaced with marijuana.

with a brown handle.[2] The firearm was located directly under the front passenger seat approximately "halfway between the front passenger and the rear passenger."[3]

All five occupants were placed under arrest. The defendant was charged with carrying a firearm without a license, G. L. c. 269, § 10(*a*), possession of a class D substance (marijuana), G. L. c. 94C, § 34, and leaving a firearm in a vehicle, G. L. c. 140, § 131C.[4]

At the close of both the Commonwealth's and the defendant's cases, the trial judge denied the defendant's motion for a required finding of not guilty.[5] On appeal, the defendant claims that the trial judge erred by not granting his motion because there was insufficient evidence as matter of law to support the jury's verdict beyond a reasonable doubt, and that the jury instructions were erroneous.

*Sufficiency of the evidence.* We review the denial of a motion for a required finding of not guilty to determine "whether the evidence received, viewed in a light most favorable to the Commonwealth, is sufficient so that the jury 'might properly draw inferences, not too remote in the ordinary course of events, or forbidden by any rule of law, and conclude upon all the established circumstances and warranted inferences that the guilt of the defendant was proved beyond a reasonable doubt.' " *Commonwealth* v. *Pope*, 406 Mass. 581, 584 (1990), quoting from *Commonwealth* v. *Clary*, 388 Mass. 583, 588 (1983). "Circumstantial evidence is competent to establish guilt beyond a reasonable doubt. *Commonwealth* v. *Nadworny*, 396 Mass. 342, 354 (1985),

---

[2]Trooper Lori Gillis conducted a fingerprint analysis on the firearm but was unable to locate any identifiable fingerprints.

[3]After all five occupants were removed, Trooper Tucker conducted an extensive search of the vehicle and recovered a bag of marijuana under the front passenger seat, and a loose bud of marijuana below the radio in a pop-out storage area by the front seat. The driver of the vehicle also had a small bag of marijuana in his wallet.

[4]The Commonwealth filed a nolle prosequi prior to trial as to the charge of leaving a firearm in a vehicle.

[5]Four individuals were tried together: the defendant, Nelson Marcial (the driver), Gilberto Camacho, and Luis Colon. Camacho's and Colon's motions for required findings were allowed. Marcial was convicted only of possession of a class D substance. The fifth individual, an unnamed juvenile, was dealt with in the Juvenile Court.

cert. denied, 477 U.S. 904 (1986), and cases cited. An inference drawn from circumstantial evidence 'need only be reasonable and possible; it need not be necessary or inescapable.' *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977)." *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989). The Commonwealth proceeded under a theory of constructive possession for both charges, which "requires proof that the defendant had 'knowledge coupled with the ability and intention to exercise dominion and control.' " *Commonwealth* v. *Sann Than*, 442 Mass. 748, 751 (2004), quoting from *Commonwealth* v. *Sespedes*, 442 Mass. 95, 99 (2004). "The Commonwealth may prove that the defendant had knowledge of the contraband by circumstantial evidence, if the evidence warrants a reasonable inference to that effect." *Commonwealth* v. *Garcia*, 409 Mass. 675, 686 (1991). "Presence alone cannot show the requisite knowledge, power, or intention to exercise control over the [contraband], but presence, supplemented by other incriminating evidence, 'will serve to tip the scale in favor of sufficiency.' " *Commonwealth* v. *Albano*, 373 Mass. 132, 134 (1977), quoting from *United States* v. *Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

The Commonwealth did not, and could not, rely solely on the defendant's presence in the vehicle to support the theory of constructive possession. See *Alicea* v. *Commonwealth*, 410 Mass. 384, 387 (1991) ("[d]iscovery of secreted contraband in a vehicle with a defendant, without more, is not sufficient to warrant an inference of . . . knowledge"). Instead, the Commonwealth points to the defendant's "alarming" eye contact with Trooper Tucker, his suspicious foot-shoving, and his proximity to the contraband as probative evidence of his knowledge, ability, and intention to exercise dominion and control over both the firearm and the marijuana blunt. See *id.* at 388 ("defendant's change in demeanor [during police search of vehicle] supports the inference that he knew that there was something incriminating to be found"); *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 567-568 (1980) ("Possession may often be inferred from proximity conjoined with knowledge; but the reasonableness of such an inference depends upon the circumstances"); *Commonwealth* v. *Whitlock*, 39 Mass. App. Ct. 514, 519 (1995) (evidence of "attempts to conceal or dispose of contraband . . . permit an infer-

ence of unlawful possession"). See also *Commonwealth* v. *James*, 30 Mass. App. Ct. 490, 497-498 (1991), and cases cited therein. The defendant primarily relies on *Commonwealth* v. *Brown*, 401 Mass. 745, 748 (1988), where evidence that the defendant and passenger "ben[t] forward in unison" when the police activated their sirens was, without more, held to be insufficient to support an inference that the defendant placed the gun under the passenger seat.

Here, though, there is more. Trooper Mathieu detected the smell of marijuana in the vehicle and a marijuana blunt was found, in plain view, on the ground where the defendant was located. Further, the defendant, who stared at Trooper Tucker in an odd and alarming manner, was seen shoving his feet underneath the front passenger seat, the location where the firearm was recovered. These circumstances, when taken together, are capable of warranting an inference of constructive possession.[6]

Alternatively, the defendant attempts to distinguish between the marijuana blunt and the gun by arguing that even if there were sufficient circumstantial evidence to support the marijuana charge, it was insufficient to support the firearm charge. In support, the defendant cites *Commonwealth* v. *Delarosa*, 50 Mass. App. Ct. 623, 625 (2000), wherein the defendant was arrested in his vehicle with a brown paper McDonald's bag containing cocaine. A subsequent search of a hidden compartment in an apartment the defendant had access to yielded several more McDonald's bags containing cocaine, as well as a handgun. *Id.* at 626. This court held that while there was sufficient evidence to support a finding that the defendant constructively possessed the cocaine found in the hidden compartment, which was similar in purity and packaging to the cocaine in the defendant's vehicle at the time of his arrest, the evidence was insufficient to support the firearm conviction, because "[w]hile it seem[ed] likely the

---

[6] The interpretation of the troopers' testimony regarding the defendant's conduct concerns "the weight and credibility of the evidence, 'a matter wholly within the province of the jury.' " *Commonwealth* v. *Ortega*, 441 Mass. 170, 174 (2004), quoting from *Commonwealth* v. *Martino*, 412 Mass. 267, 272 (1992). See *Commonwealth* v. *Wilborne*, 382 Mass. 241, 245 (1981), quoting from *Commonwealth* v. *Amazeen*, 375 Mass. 73, 81 (1978) ("To the extent that conflicting inferences are possible from the evidence, 'it is for the jury to determine where the truth lies' ").

defendant knew the gun was in the compartment, there [was] insufficient evidence that he intended to or did exercise dominion or control over it. It was not in the [vehicle] or on the defendant's person at the time of his arrest." *Id.* at 628.

Unlike *Delarosa*, the firearm here was found in the vehicle and in close proximity to the defendant. While the marijuana blunt was found in plain view on the rear floor behind the front passenger seat, see *Commonwealth* v. *Daley*, 423 Mass. 747, 752 (1996) ("[k]nowledge may be inferred when the contraband is found in plain view in an area over which the defendant has control"), the gun was found directly under the front passenger seat where the defendant had been seen shoving his feet. The defendant's conduct allowed the jury to infer a "personal connection" between the defendant and the firearm, an element lacking in *Delarosa, supra.*

*Jury instructions.* The defendant also claims that the trial judge's jury instructions on the elements of constructive possession and the burden of proof were erroneous and misleading. Specifically, the defendant claims that the instructions on the element of intent to exercise dominion and control with regard to the firearm charge were erroneous. As counsel did not object to the instructions at trial, we review to determine whether there was a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Redmond*, 53 Mass. App. Ct. 1, 7 (2001). A reviewing court examining jury instructions for error must "consider the charge, taken as a whole, and assess the possible impact of the alleged error on the deliberations of a reasonable juror, i.e., whether a reasonable juror could have used the instruction incorrectly." *Commonwealth* v. *Rosa*, 422 Mass. 18, 27 (1996).

The trial judge prefaced her instructions by telling the jury: "You should consider all of these instructions as a whole, you may not ignore any instruction nor should you give special attention to any one instruction." She then correctly outlined the three elements of marijuana possession, patterning her charge after Instructions 3.051, 3.11, and 5.52 of the Model Jury Instructions for Use in the District Court (1997).[7] Turning to the firearm charge, she again outlined the three elements of the crime, defin-

---

[7]The judge explained that the jury would have to find that the marijuana was a controlled substance, that the defendant possessed a perceptible amount of it,

ing the term firearm and explaining what constitutes "knowing possession." She also repeated much of the constructive possession charge from her marijuana instruction, but omitted mention of the element of intent. This omission, however, was sufficiently cured when she directly addressed this element in her supplemental instructions: "To show possession, there must be evidence justifying a conclusion that the defendant also had the power and the intention to exercise control over the firearm; only then may the defendant be considered to have possessed the firearm." See *Commonwealth* v. *Sann Than*, 442 Mass. at 752-755.

The defendant also contends that the judge wrongfully placed the burden of proof on him, requiring reversal. In answering a jury question, the judge mistakenly stated that "[t]he defendant has to prove with respect to the firearms charge beyond a reasonable doubt all three elements of the offense . . . ." When, shortly thereafter, she was made aware of her misstatement, she gave a curative instruction: "It's been pointed out to me that I actually said at one point that the defendant has the burden to prove something or other. That is absolutely completely wrong, it is a mistake. And if I said that I certainly meant it to say, which is absolutely the law, that the Commonwealth has the burden of proof." She also correctly instructed the jury on the issue of the burden of proof at numerous other points during her earlier instructions. This single, isolated slip of the tongue, which the judge quickly corrected, did not under these circumstances create juror confusion or constitute a miscarriage of justice.

*Judgments affirmed.*

---

and that the defendant possessed the marijuana knowingly and intentionally. "You may find that the defendant knowingly or intentionally possessed the marijuana if he did so consciously, voluntarily, and purposely, and not because of ignorance, mistake, or accident." She also informed the jury that "there must be evidence justifying a conclusion that the defendant also had the power and the intention to exercise control over the marijuana, only then may the defendant be considered to have possessed the marijuana."