After a jury trial, the defendant, Alexander Cotton, was convicted of one count of carrying a firearm without a license and one count of possessing ammunition without a firearm identification (FID) card.[2] The defendant argues that (1) the motion judge erred in denying the motion to suppress, (2) the trial judge erred in denying the motion for required findings of not guilty, and (3) the conviction of possessing ammunition without an FID card violates both the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. We affirm.
1. Motion to suppress. When reviewing the disposition of a motion to suppress, "[w]e accept the judge's subsidiary findings of fact absent clear error, 'but conduct an independent review of his ultimate findings and conclusions of law.' " Commonwealth v. Cabrera, 76 Mass. App. Ct. 341, 344 (2010), quoting from Commonwealth v. Costa, 65 Mass. App. Ct. 227, 229 (2005).
A. Exit order. The defendant does not dispute that the vehicle in which he was traveling was properly stopped for a traffic infraction. He contends, however, that the police officers immediately issued an exit order without justification. We disagree that the exit order was issued immediately and that it was without justification.
During a routine traffic stop, "a police officer ... must have a reasonable belief that the officer's safety ... is in danger before ordering a driver out of a motor vehicle." Commonwealth v. Gonsalves, 429 Mass. 658, 662-663 (1999). "While a mere hunch is not enough, ... it does not take much for a police officer to establish a reasonable basis to justify an exit order or search based on safety concerns, and, if the basis is there, a court will uphold the order." Id. at 664. The standard is an objective one. See Commonwealth v. Torres, 433 Mass. 669, 673 (2001). The officers need not point to specific facts that an individual had a weapon. See Gonsalves, 429 Mass. at 665.
Considering the totality of the evidence, we agree with the motion judge that the officers had a sufficient reasonable concern of danger to justify the exit order. The vehicle was stopped at an early morning hour after traveling at a high rate of speed and disregarding a stop sign and traffic light in a high crime area known for "arrests for drugs and violence." The defendant, who was the front-seat passenger, and the individual who was behind the defendant in the back (back-seat passenger) both failed to raise their hands when initially asked to do so, and an officer had to make a second command before the defendant and the back-seat passenger complied.[3] Critically, the defendant's leg movements suggested that he was moving some unknown object underneath his seat. Such movements are sufficient to raise rational safety concerns for officers conducting a traffic stop. See Commonwealth v. Stampley, 437 Mass. 323, 327 (2002), and cases cited.[4] It was only at this point that officers issued the exit order.[5]
B. Search of the vehicle. The defendant also contends that the vehicle search was not based on reasonable suspicion.
"It is settled law that, in appropriate circumstances, a Terry [6 ] type of search may extend into the interior of an automobile as long as it is limited in scope to a protective end." Commonwealth v. Silva, 366 Mass. 402, 408 (1974). Here, the totality of the circumstances described above provided adequate specific and articulable facts to warrant a protective search of the vehicle, where, in anticipation of allowing the occupants to return to the vehicle, there was a concern about what was inside it based on the defendant's movements. See Commonwealth v. Myers, 82 Mass. App. Ct. 172, 177 (2012) (search of vehicle warranted where the defendant "could have returned to the vehicle and recovered a hidden weapon"). The search also was proportional. The officer looked in the vehicle and shined his flashlight, whereupon he saw the backpack with an open pocket and ammunition visible. He then removed the backpack and located the firearm. In these circumstances, the motion to suppress was correctly denied.[7]
2. Sufficiency of the evidence. The defendant argues that the trial judge erred in denying his motion for required findings of not guilty because the evidence was insufficient to prove constructive possession of the ammunition and of the firearm.
The Commonwealth's evidence was more than adequate, under the indulgent standard of Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), to justify the trial judge's denial of the defendant's motion for required findings of not guilty. There must be evidence that the defendant "had knowledge coupled with the ability and intention to exercise dominion and control" over the firearm and ammunition. Commonwealth v. Sespedes, 442 Mass. 95, 99 (2004) (quotation omitted). "The Commonwealth may prove that the defendant had knowledge of the contraband by circumstantial evidence, if the evidence warrants a reasonable inference to that effect." Commonwealth v. Garcia, 409 Mass. 675, 686 (1991). Presence in a vehicle is not enough to prove constructive possession, but presence together with "other incriminating evidence, 'will serve to tip the scale in favor of sufficiency.' " Commonwealth v. Albano, 373 Mass. 132, 134 (1977), quoting from United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).
Here, viewing the evidence in the light most favorable to the Commonwealth and drawing all inferences in favor of the Commonwealth as required by Latimore, there was sufficient evidence to find that the defendant constructively possessed the firearm and ammunition.[8] Although the back-seat passenger claimed ownership of the backpack as well as the firearm and ammunition it contained, possession need not be exclusive. See Commonwealth v. Beverly, 389 Mass. 866, 870 (1983).
The firearm and ammunition were in a backpack that was right behind the defendant's legs, on the floor near the passenger seat. The jury would have been warranted in finding that the backpack was in an area in the defendant's control and that he was trying to hide it. Moreover, the ammunition was visible in plain view in the open pocket of the backpack. See Commonwealth v. Daley, 423 Mass. 747, 752 (1996) ("Knowledge may be inferred when the contraband is found in plain view in an area over which the defendant has control"); Commonwealth v. Elysee, 77 Mass. App. Ct. 833, 847 (2010) (firearm found under the passenger's seat would have been clearly visible to the passenger, and any out-of-view placement could be explained by movements to hide it). The defendant's movements as described and demonstrated by officers at trial tip the scale. Although the firearm was in a closed pocket of the bag, the jury could have inferred that the defendant was aware of the backpack's contents and attempted to conceal the items, based on his failure to place his hands in the air upon instruction and his attempt to kick the backpack out of view. See Commonwealth v. Cotto, 69 Mass. App. Ct. 589, 592-593 (2007) (following vehicle stop, defendant's proximity to gun, actions of shoving feet under driver's seat where firearm ultimately discovered, and staring at police officer during search support inference of intent constructively to possess firearm); Commonwealth v. Whitlock, 39 Mass. App. Ct. 514, 519 (1995) (evidence of "attempts to conceal or dispose of contraband ... permit an inference of unlawful possession"). "From both [the defendant's] proximity to the gun and his effort to conceal it, the [fact finder] could infer that [the defendant] was exercising dominion and control over the gun." Commonwealth v. Barbosa, 49 Mass. App. Ct. 344, 347 (2000).
3. FID card. The defendant further contends that the Commonwealth failed to prove beyond a reasonable doubt that he lacked an FID card. The Supreme Judicial Court has "repeatedly ... held that in prosecutions under G. L. c. 269, § 10(a ) and (h ), the Commonwealth does not need to present evidence to show that the defendant did not have a license or FID card because the burden is on the defendant, under G. L. c. 278, § 7, to come forward with such evidence." Commonwealth v. Powell, 459 Mass. 572, 582 (2011) (footnote omitted). Moreover, the jury heard evidence that the defendant was asked if he had a license to carry, to which he responded in the negative, and an officer ran a records check to confirm the defendant's lack of an FID card.
Judgments affirmed.

The jury found the defendant not guilty of one count of carrying a loaded firearm without a license.

The defendant contends that it was clear error for the motion judge to label the defendant's and back-seat passenger's hand movements-"disappearing from the Officers' view" before the hands-up order-as "furtive," where the officers did not use that language and further testified that it is common to see movement inside a vehicle after it is stopped. Assuming without deciding that the characterization was improper, under the totality of the circumstances, the officers nonetheless had reasonable suspicion for the exit order. See Commonwealth v. Kennedy, 426 Mass. 703, 711 (1998) (finding probable cause despite excluding clearly erroneous findings).

Accordingly, we need not consider whether the officers had a reasonable suspicion that an individual had or was about to commit a crime.

We also reject the defendant's contention that the officers themselves did not have fear for their safety. While the standard is an objective, not a subjective, standard, see Gonsalves, 429 Mass. at 661-663, both officers involved in the initial stop did testify that they had safety concerns.

Terry v. Ohio, 392 U.S. 1 (1968).

The motion judge found that it is standard Springfield police department operating procedure to conduct a protective search of a vehicle to ensure officer safety before allowing occupants to reenter the vehicle. The motion judge did not rely on the policy to deny the motion, nor do we in affirming the motion judge's ruling. Nonetheless, to the extent that officers are following department guidelines to determine when to conduct protective searches, those searches must conform with constitutional requirements. See Commonwealth v. Peters, 48 Mass. App. Ct. 15, 20-21 (1999) (suppression required where Commonwealth did not introduce sufficient evidence from which to conclude that inventory policy satisfied constitutional requirements or that police conduct in the case conformed to the policy in any event); Commonwealth v. Silva, 61 Mass. App. Ct. 28, 35 (2004) (written police department policy for searching vehicle must still comply with constitutional strictures because "entry and search of a car to obtain documents therein is still a warrantless search").

The evidence at trial was not identical to the evidence presented on the motion. Our assessment of the sufficiency is based on the evidence actually admitted at trial.