After a jury trial, the defendant was convicted of two counts of rape of a child[2] in violation of G. L. c. 265, § 23. He now contends that the judge erred in denying his motion for a required finding of not guilty as to each count. He maintains there was insufficient evidence to allow a jury to conclude there was penetration, a required element of a rape conviction.
We review a decision on a required finding of not guilty to determine whether the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient enough that " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis in original)." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 433 U.S. 307, 318-319 (1979). Through that lens, we affirm.
Background. As we affirm the judge's ruling on sufficiency grounds, our recitation of the facts will focus on those facts that the jury could have reasonably relied on to support the convictions.
Though the offenses took place in 1992, the defendant was not indicted until 2009. The case proceeded to trial in 2015. In 1992, the victim was four years old and lived in an apartment with her mother, three siblings, and the defendant, who was the mother's boy friend. On the night of the rapes, the victim's older sister, Angela, was with a friend, Taryn, at a nearby park when they decided to spend the night at Angela's family's apartment.[3] They went to the apartment to get Angela's mother's permission, and when they arrived the house was dark and quiet with the exception of the sound of the victim's crying coming from the bedroom the mother and the defendant shared.
Taryn, who stated that her memory of the night in question was "very vivid," testified that after they arrived at the apartment, they heard the victim crying and proceeded to the bedroom where she saw the defendant "laying over the bed with his back on the bed" and "his legs were off like onto the floor."[4] The victim was "straddled over the top of him, and he was making her go up and down." "[H]er lower half was all in contact with" the defendant, who was naked and moaning, and the victim was crying. Angela and Taryn then left to get help, eventually calling the police and bringing the victim's mother home from a nearby bar. When they returned to the apartment, the victim was dressed in a nightgown and underwear, and a physical altercation took place between the defendant and the victim's mother. Police were called and spoke to those present, and the victim was brought to a hospital to be examined.
Evidence collection kits were administered on the victim at the hospital, which included a vaginal swab, a perianal swab,[5] and an anorectal swab.[6] ,[7] A later analysis, after advancements in deoxyribonucleic acid (DNA) testing, revealed a sperm fraction on the victim's anorectal swab that matched the defendant's DNA profile.[8] The victim's medical records were also introduced in evidence, which pertinently noted that her vulva was "slightly red" and that she was experiencing pain in her pubic area, but otherwise showed no evidence of trauma or penetration. The victim's medical records include a question mark following a section inquiring whether penetration occurred and indicated that the examiner was "uncertain if ejaculation occurred."
At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty as to each count of rape. The judge deferred acting on it, without objection, until the close of the defendant's case. The defendant testified in his own defense and denied sexually assaulting the victim. After the defense rested, the motion for required findings of not guilty was denied.
Discussion. The defendant reasserts that the evidence was insufficient to establish that there was penetration, a necessary element for each rape conviction. As previously stated, in evaluating sufficiency, we view the evidence in the light most favorable to the Commonwealth. Commonwealth v. Latimore, supra. We consider both direct evidence and "reasonable and possible" inferences from that evidence, so long as they are "not too remote in the ordinary course of events, or forbidden by any rule of law ...." Commonwealth v. Cotto, 69 Mass. App. Ct. 589, 591 (2007). "While the inferences drawn must be reasonable, they 'need not be necessary or inescapable.' " Commonwealth v. Merry, 453 Mass. 653, 661 (2009), quoting from Commonwealth v. Grandison, 433 Mass. 135, 140-141 (2001).
"To prove the crime of rape of a child in violation of G. L. c. 265, § 23, the Commonwealth must prove beyond a reasonable doubt that the defendant engaged in (1) sexual intercourse or unnatural sexual intercourse with (2) a child under sixteen years of age." Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 533 (2012). "Unnatural sexual intercourse" with a child includes oral and anal sex, and proof of penetration is necessary to support any child rape conviction. See Commonwealth v. Gallant, 373 Mass. 577, 584 (1977).
Viewing the evidence in the light most favorable to the Commonwealth, as we must, we conclude there was sufficient evidence to support both convictions. While penetration is indeed a necessary element to support a child rape conviction, it may be proven with circumstantial evidence. See Commonwealth v. Fowler, 431 Mass. 30, 33 (2000). In fact, " 'intrusion into the vagina is not required to prove penetration; just a touching of the vulva or labia is sufficient' under [the] child rape statute." Commonwealth v. King, 445 Mass. 217, 223 (2005), cert. denied, 546 U.S. 1216 (2006), quoting from Commonwealth v. Gichel, 48 Mass. App. Ct. 206, 213 (1999). Here we conclude that the evidence of the child straddling the defendant while he was naked and moving her up and down, her crying during the act, the redness of her vulva, and her complaints of pubic pain were sufficient support for a rational trier of fact to find, beyond a reasonable doubt, that the victim had been vaginally raped. King, supra. Similarly, in the context of anal rape, penetration evidence can be circumstantial. Here, the semen found on the anorectal swab matching the defendant's DNA profile was sufficient for the jury to conclude that anal penetration had occurred. See Fowler, supra at 33-34 (presence of sperm in victim's mouth sufficient for jury to infer oral penetration); King, supra (evidence "of [victim] licking a penis" sufficient to establish oral penetration); Commonwealth v. Rodriguez, 76 Mass. App. Ct. 59, 62-63 (2009) (evidence of victim regaining consciousness to see "a penis in [her] face" coupled with defendant's admission of placing his penis "on" victim's mouth sufficient to infer oral penetration).
In short, the defense asks us to depart from the well-established principle that "[p]enetration can be inferred from circumstantial evidence" and require penetration be proven only by direct evidence. Fowler, supra at 33. We decline to do so. The defendant's motion for required findings of not guilty, therefore, was properly denied.
Judgments affirmed.

The separate convictions stem from evidence of both vaginal and anal penetration arising from the same incident.

Angela was fifteen or sixteen years old at the time in question, and Taryn was either thirteen or fourteen years old.

Angela's testimony differed in this regard. She stated that she did not remember what she had seen in the bedroom and only could "remember taking [the victim] out of the room."

A nurse testified that perianal swabs collect evidence by swabbing "around the anus, so on the outside surrounding area."

Anorectal swabs collect evidence by inserting small swabs inside the anus.

The nurse who testified to the contents of the victim's medical records understandably stated that she did not have a detailed independent memory of the examination from twenty-three years before. Instead, she reviewed the records, detailed the evidence collection kit's procedure, and stated that to the best of her memory, everything was done correctly and the exam was successfully completed.

Expert witnesses called by the Commonwealth noted that DNA is transferrable, such that it is possible to transfer from one person to another without direct contact. One such means of secondary transfer is through bedding, and the bedding in this case was not preserved. The defense theorized that the sperm fraction was transferred from the bedding to the victim's anus, and subsequently picked up by the anorectal swab as it entered from the anus to the rectum. The jury were free to reject that theory, and it has no bearing on the defendant's sufficiency argument presently before us.