DESMOND, J.
*469 We are called upon to address whether there was sufficient circumstantial evidence presented in this case to justify the judge's denial of the defendant's motion for required findings of not guilty. Concluding that the evidence was sufficient, we affirm the defendant's convictions.
Background. A jury convicted the defendant of distribution of a class B substance ( G. L. c. 94C, § 32A [a ] ) and committing a drug violation near a park ( G. L. c. 94C, § 32J ). At the close of evidence, the defendant moved for required findings of not guilty, which the judge denied.
*759 The jury would have been warranted in finding the following facts. At approximately 1:45 P.M. on April 15, 2016, members of the Lawrence police department's narcotics unit were patrolling in the area of a park, in response to recent complaints about drug activity in the area, when a car with Maine license plates stopped alongside the park and the defendant got in the car. Based on their *470 training and experience, the officers[1] were aware that many people come to Lawrence from New Hampshire or Maine to buy narcotics, generally in areas close to the highway, such as the park in question. Once the defendant entered the car, it traveled approximately 150 yards, turning once, before it stopped and the defendant got out. Nothing in the way the parties acted during that brief drive directly indicated a drug transaction had taken place; no hand-to-hand exchange or similar action was observed. Concluding that he had reasonable suspicion to believe a drug transaction had just taken place, the officer who was following the car conducted a motor vehicle stop. The car did not immediately stop.[2] Upon stopping, the driver of the vehicle was observed moving around in the vehicle with a clenched hand, such that the officer asked him to step out of the car for safety purposes. That officer discovered two "twists" of what was determined to be cocaine[3] clenched in the driver's hand.
Upon recovering the cocaine, that officer radioed another officer who was following the defendant and instructed him to arrest the defendant. The officer did so, and in a subsequent search of the defendant discovered fifty-six dollars in cash. Both the driver of the vehicle and the defendant were in view of police officers from the time the defendant entered the vehicle until the time each was arrested.
In addition to the testimony of the two officers, the jury also heard from a State police trooper who offered expert testimony regarding drug transactions. He opined that "the most common scenario" of a street-level drug transaction is that a person arrives from out of town, makes a telephone call to place an order, and is instructed to go to a certain location. Once there, either the drug dealer or a "runner" for that dealer will meet the buyer and "the delivery is usually concluded inside of the car, either while the car is moving or while it remains parked." The expert further testified that a "ride to nowhere," such as the brief ride the defendant was observed taking in the car, "very rarely [has] an explanation other than that it was a drug deal." Finally, the expert noted that a small amount of cocaine in Lawrence, such as was found in each of the twists held by the driver, is "as a general rule, [worth] between *471 [twenty] and [thirty]" dollars.
Discussion. On appeal, the defendant contends that the evidence was insufficient to prove his distribution charge, and therefore, his motion for required findings of not guilty should have been allowed. In evaluating sufficiency, we must determine whether, after viewing the evidence in the light most favorable to the Commonwealth, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis in original)." Commonwealth v. Latimore, 378 Mass. 671, 677, 393 N.E.2d 370 (1979), quoting from *760 Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "Circumstantial evidence is competent to establish guilt beyond a reasonable doubt," and in a sufficiency inquiry, we consider both direct evidence and "reasonable and possible" inferences from that evidence, so long as they are "not too remote in the ordinary course of events, or forbidden by any rule of law." Commonwealth v. Cotto, 69 Mass. App. Ct. 589, 591-592, 870 N.E.2d 109 (2007) (citations omitted). "While the inferences drawn must be reasonable, they 'need not be necessary or inescapable.' " Commonwealth v. Merry, 453 Mass. 653, 661, 904 N.E.2d 413 (2009), quoting from Commonwealth v. Grandison, 433 Mass. 135, 140-141, 741 N.E.2d 25 (2001).
Although the defendant's conviction of distribution was based entirely on circumstantial evidence, we conclude that the evidence before the jury, viewed in the light most favorable to the Commonwealth, was sufficient to allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Under G. L. c. 94C, § 32A(a ), the Commonwealth bore the burden of proving that the defendant knowingly or intentionally distributed cocaine. Several pieces of evidence pointed to a drug transaction, including: the out-of-State license plate, the park's proximity to the highway, the "ride to nowhere," the brevity of the interaction between the defendant and the vehicle's driver, the vehicle's driver not immediately stopping the vehicle and moving conspicuously upon stopping, the money recovered from the defendant's person, the Lawrence police department's awareness of recent complaints of drug activity in the area of that park, and the recovery of cocaine from the driver. It is true that there are scenarios that could explain the defendant's behavior in a way that would not support his conviction. The Commonwealth, however, "need not exclude every hypothesis," and the evidence presented was sufficient to allow the case to reach the jury. Commonwealth v. Soto, 45 Mass. App. Ct. 109, 112, 695 N.E.2d 683 (1998). "The inference that the defendant sold the drugs 'need not be necessary *472 or inescapable so long as it is reasonable and possible.' " Ibid., quoting from Commonwealth v. Cohen, 412 Mass. 375, 380, 589 N.E.2d 289 (1992).
We conclude that, in this case, the Commonwealth presented "evidence from which a finder [could without speculation] infer the essential facts" to support the defendant's conviction. Soto, supra, quoting from Commonwealth v. Robinson, 43 Mass. App. Ct. 257, 262, 682 N.E.2d 903 (1997). A hand-to-hand transaction need not be viewed by police in every distribution case, and the lack of evidence recovered from the defendant other than the fifty-six dollars in cash is not fatal to the Commonwealth's case. See Soto, supra. It is not our place to "attempt to penetrate the jury's thought process," Commonwealth v. Santos, 454 Mass. 770, 777, 912 N.E.2d 985 (2009), and since there was sufficient evidence to allow the jury to reach their verdict, we will not disturb the judge's decision to leave the choice in the jury's hands.[4]
Judgments affirmed.

The two arresting officers and the State trooper who testified as an expert all had extensive training and experience specific to drug transactions.

The officer testified that the car "traveled a little bit at first, and then it pulled over."

The parties stipulated that the substance recovered was cocaine.

While we conclude that there was sufficient evidence to allow the Commonwealth's case to go to the jury, we emphasize that the question whether to adopt or reject the Commonwealth's theory was properly left to the jury. Just as the jury were justified in convicting the defendant, they would have been similarly justified had they remained unpersuaded and acquitted him.