Following a jury-waived trial in the District Court, the defendant, Corey Roy, was convicted of distribution of heroin.[2] He appeals, claiming that the evidence was insufficient. We affirm.
When reviewing the sufficiency of the evidence, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017), quoting Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713, cert. denied, 573 U.S. 937 (2014). "[C]ircumstantial evidence is a permissible basis upon which to premise a conviction." Commonwealth v. Tanner, 66 Mass. App. Ct. 432, 434 (2006).
Here, viewing the evidence in the light most favorable to the Commonwealth, the fact finder could reasonably have found the following. On February 3, 2017, around 11:00 A.M. while conducting unrelated narcotics surveillance, Detective Raphael Rivera saw William Prim, an individual known to him from past investigations. Prim, an admitted heroin addict, was walking down the street counting money. He paced back and forth while talking on a cell phone. A red Chrysler pulled up directly to him. The Chrysler had two people inside; the defendant was seated in the passenger seat, and the codefendant was the driver.[3] Rivera watched Prim approach the Chrysler, quickly reach in, interact with the people in the car, and then walk away. The interaction lasted no more than a few seconds. Based on his training and experience, Rivera believed he had just observed a hand-to-hand drug transaction.
Rivera radioed his observations to other detectives and continued to watch Prim. Detective David Lally saw Prim approaching a gasoline station. As Rivera approached Prim he identified himself, and Prim turned away and threw an item from his hand to the ground. Detectives retrieved the item, later determined to be heroin.[4] Prim was searched, but no money was found on his person.
The Chrysler was stopped nearby. A search yielded a cell phone on the defendant's person and $ 510 in cash in the glove compartment in front of the passenger seat. After the police took possession of the cell phone, the phone received multiple messages over a ten-to-fifteen minute period of time.
Here, the totality of the evidence supports the inference, beyond a reasonable doubt, that the defendant distributed heroin. See Commonwealth v. Dancy, 75 Mass. App. Ct. 175, 178-179 (2009) (inference drug transaction had taken place was reasonable where officers observed woman pacing and then entering defendant's vehicle for less than one minute, and shortly after found crack cocaine on her person and $ 536 and multiple cell phones on defendant). See also Commonwealth v. Alvarado, 93 Mass. App. Ct. 469, 471-472 (2018) (inference drug transaction had taken place was reasonable where defendant went on "ride to nowhere" after brief interaction with driver, money was found on defendant's person, and cocaine was found on driver's person).
Judgment affirmed.

The defendant was found not guilty of a school zone violation. The Commonwealth dismissed a charge of conspiracy.

The codefendant is not a party to this appeal.

At trial, the parties stipulated the item was heroin.