NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-613

COMMONWEALTH

vs.

HAROLD M. MILLER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, a District Court judge convicted the defendant of possessing cocaine with intent to distribute. On appeal, the defendant argues that a different judge should have granted his motion to suppress evidence.  We affirm the judge's order denying the defendant's motion.

After observing what they believed was an illegal drug transaction between the defendant and a known drug user on the afternoon of October 20, 2021, members of the Suburban Middlesex County Drug Task Force (task force) stopped the defendant. Following a brief conversation with the defendant, detectives pat frisked him and found a box cutter, cash, and a cell phone. A detective then took the defendant's car keys, opened the trunk

of his car, and saw plastic sandwich bags and a digital scale with white powder residue that the detective believed was cocaine. Another detective searched the defendant and felt small round packages that he recognized as consistent with narcotics packaged for sale concealed in the groin area of the defendant's sweatpants. The detectives transported the defendant to the Watertown police station, where they recovered seventeen individually packaged bags of cocaine from the mesh liner of the shorts the defendant wore under his sweatpants.

Discussion. "In reviewing a ruling on a motion to suppress evidence, we accept the judge's subsidiary findings of fact absent clear error" (citation omitted). Commonwealth v. Daveiga, 489 Mass. 342, 346 (2022). "We review independently the application of constitutional principles to the facts found" (citation omitted). Id. The parties agree that the only issue before us is whether there was probable cause to believe the defendant had engaged in an illegal drug transaction.

Probable cause to arrest an individual for an illegal drug transaction may be established where experienced narcotics officers observe "a sequence of activity consistent with a drug sale at a place notorious for illicit activity in narcotics." Commonwealth v. Stewart, 469 Mass. 257, 262 (2014), quoting Commonwealth v. Santaliz, 413 Mass. 238, 242 (1992). Relevant

2

factors indicating that a defendant committed a street level drug crime include (1) a location where the police know drug transactions are common, (2) furtive actions by the participant, (3) an unusual transaction, and (4) an experienced officer on the scene regards the event as consistent with a drug transaction.  See Santaliz, supra at 241; Commonwealth v. Santa Maria, 97 Mass. App. Ct. 490, 494 (2020).

Here, all of the Santaliz factors were present based on the facts found by the motion judge and the uncontroverted testimony of the witnesses that was credited by the judge.  See Commonwealth v. Matta, 483 Mass. 357, 358 (2019); Commonwealth v. Oliveira, 474 Mass. 10, 11 (2016).  The apartment in Waltham where Detectives Jason Ferranti and Timothy Cadman first encountered the defendant on the day in question was under surveillance based on numerous complaints of drug activity.  See Commonwealth v. Freeman, 87 Mass. App. Ct. 448, 452 (2015) (citizen reports of drug activity contributed to circumstantial evidence of drug transaction).  Two brothers known to the detectives to be drug users and distributors lived at the apartment, and Detective Ferranti previously had seen several "known drug users" coming to the residence during his investigation.  See Commonwealth v. Sanders, 90 Mass. App. Ct. 660, 665 (2016) (police knowledge of drug activity at location

3

was probable cause factor). Detective Ferranti also had seen the defendant "come and go" from the same apartment in the past. The defendant parked his car around the corner approximately one hundred yards away, despite parking being "readily available directly in front of the apartment." He entered and "immediately" exited the apartment. Next, the defendant drove to a bank and then to a church parking lot, where he met with Brian LaRosa, whom Detective Ferranti knew to be a drug user. See Commonwealth v. Kennedy, 426 Mass. 703, 709 (1998) (interacting with known drug users supports probable cause). LaRosa removed a backpack from the defendant's car and put it in the vehicle's trunk. He then got into the car, drove approximately one hundred yards with the defendant, and got out of the vehicle without retrieving the backpack. Detective Ferranti described it as a "meaningless ride" or "a ride to nowhere." See Commonwealth v. Alvarado, 93 Mass. App. Ct. 469, 471 (2018) ("ride to nowhere" was circumstantial evidence of illegal drug transaction). Cf. Sanders, supra at 665-666 (unusual nature of "car meets" where defendant reached hand into window of vehicle and quickly withdrew it contributed to probable cause). Finally, Detective Ferranti, who had extensive training and experience in narcotics offenses, testified that he believed he had witnessed a street-level drug transaction.

4

In addition, when detectives initially spoke to the defendant, he denied meeting with LaRosa. Such a "false denial . . . strengthen[ed] the suspicion that the defendant had participated in a drug transaction." Stewart, 469 Mass. at 264. Furthermore, the detectives had information specific to the defendant's history of drug activity. See Sanders, 90 Mass. App. Ct. at 665 (police knowledge that defendant previously arrested for drug offenses "critically important factor" in probable cause determination). Detective Cadman had witnessed what he believed was a drug transaction between the defendant and one of the residents of the Waltham apartment several months earlier. Detective Ferranti was aware that another member of the task force recently had seen a videotape of the defendant "entering and quickly exiting the residence of a known drug user in [Watertown]." Finally, the detectives knew that the defendant had a prior conviction of trafficking in narcotics for which he had served ten years in State prison.

In sum, we conclude that the facts found by the motion judge established probable cause to believe the defendant had participated in an illegal drug transaction at the time the

police stopped him.  Accordingly, the searches of the defendant and the trunk of his car were justified.

Judgment affirmed.

By the Court (Vuono,
 Brennan & D'Angelo, JJ.[1]),

Clerk

Entered:  March 31, 2025.

---

[1] The panelists are listed in order of seniority.