NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-55
25-P-56

COMMONWEALTH

vs.

ENRIQUE CRUZ-ROSARIO (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from the order of a Superior Court judge allowing the defendants' motions to suppress evidence discovered when the police (1) conducted a warrantless search of Enrique Cruz-Rosario's car and (2) later searched Enrique's[2] home and a second address in Springfield based on search warrants obtained using evidence discovered as a result of the initial warrantless search.  We affirm.

---

[1] Commonwealth vs. Raul Cruz-Rosario.

[2] The defendants are brothers and share the same last name. For clarity's sake, we refer to them by their first names.

Background.  We summarize the judge's findings, which were made after an evidentiary hearing.  We reserve for later discussion certain details relevant to our consideration of the Commonwealth's challenges to certain of the judge's findings as clearly erroneous.

On February 3, 2022, Springfield police officers surveilling the defendants saw them leave Enrique's home in Springfield and drive in Enrique's car, an Infiniti, to Chicopee, where they parked near a methadone clinic.  The officers saw two unidentified men walk into the clinic and then, a few minutes later, saw the men leave the clinic and get into the front seats of a Hyundai Santa Fe that was parked near Enrique's car.  Enrique got out of his car and into the back seat of the Hyundai; the two men in the Hyundai turned around to face Enrique.  One of the officers saw Enrique reach into a map pocket on the back of one of the front seats, but the officer did not see him take anything out of the pocket, hand anything to anyone else in the car, or exchange anything with the other occupants of the Hyundai.  Enrique got out of the Hyundai and into the driver's seat of the Infiniti.  Enrique and Raul drove away in the Infiniti, and the Hyundai drove away with the two unidentified men inside.  Shortly afterward, the police stopped the Hyundai, searched the car and its occupants, and discovered "illegal narcotics and other contraband."  After learning about

2

the discovery of the contraband in the Hyundai, police officers stopped the Infiniti, arrested the defendants, and searched them and the car. In doing so, the police discovered illegal narcotics in the car and on the defendants' persons.[3]

Later that day, the police applied for warrants to search Enrique's home and another property in Springfield. The warrants were issued, and when the police executed them, officers discovered a firearm, ammunition, and illegal drugs at the target locations. The defendants were each subsequently indicted on numerous counts, including various drug trafficking and firearms offenses.[4]

The defendants each moved to suppress evidence found when the police searched the Infiniti, Enrique's home, and the other Springfield property. The judge allowed the defendants' motions, and a single justice of the Supreme Judicial Court granted the Commonwealth leave to file an appeal in this court from the judge's decision. See G. L. c. 278, § 28E; Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017).

---

[3] The judge found that the police discovered firearms in the Infiniti. On appeal, the Commonwealth concedes that no firearms were found in the Infiniti.

[4] For Raul, several counts included habitual offender enhancements.

3

Discussion.  1.  Warrantless search of the defendants and the Infiniti.  "[W]arrantless searches 'are per se unreasonable'" under both the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights.  Commonwealth v. Dame, 473 Mass. 524, 536, cert. denied, 580 U.S. 857 (2016), quoting Commonwealth v. Cast, 407 Mass. 891, 901 (1990).  Under the "automobile exception" to this general prohibition, however, the police may search a vehicle without a warrant when they have "probable cause to believe that it contains evidence of a crime."  Commonwealth v. Davis, 481 Mass. 210, 220 (2019).  Similarly, where the police have probable cause to lawfully arrest a person, they may also conduct a search incident to arrest "for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made."  G. L. c. 276, § 1; Commonwealth v. Soto, 104 Mass. App. Ct. 806, 809 (2024), cert. denied, 146 S. Ct. 151 (2025).  Probable cause exists where "the facts and circumstances within the officer's knowledge at the time of making the search or seizure were sufficient to warrant a prudent [person] in believing that the defendant had committed, or was committing, an offense."  Commonwealth v. Bostock, 450 Mass. 616, 624 (2008), quoting Commonwealth v. Miller, 366 Mass. 387, 391 (1974).  "In reviewing a decision on a motion to suppress, we accept the judge's subsidiary findings

4

of fact absent clear error but conduct an independent review of [the] ultimate findings and conclusions of law" (citation omitted).  Commonwealth v. Carrasquillo, 489 Mass. 107, 116-117 (2022).

The Commonwealth first challenges several of the judge's factual findings as clearly erroneous.  See Commonwealth v. Castillo, 89 Mass. App. Ct. 779, 781 (2016), quoting Green v. Blue Cross & Blue Shield of Mass., Inc., 47 Mass. App. Ct. 443, 446 (1999) ("A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed'").  One of these findings -- that officers surveilling the defendants saw "two other unidentified males on foot" go inside the methadone clinic -- is not clearly erroneous.  Although the Commonwealth's witness, Detective Alley Bonemery, testified that he saw the defendants go into the clinic after parking nearby, he also testified that he saw the occupants of the Hyundai, whom he did not know, do the same thing.  That challenged finding was thus not clearly erroneous. See Castillo, supra.

The Commonwealth's challenge to two other findings is more persuasive; we agree with the Commonwealth that (1) Bonemery testified that the map pocket into which Enrique reached was part of the Infiniti and not, as the judge found, the Hyundai,

5

and (2) there was no evidence that a firearm was found in the Infiniti when the police searched it after arresting the defendants.  However, neither finding was material to the motions to suppress the warrantless searches.  First, Bonemery did not testify that the police saw Enrique put anything into the pocket or remove anything from it, nor did the judge so find; thus, Enrique reaching into either car's map pocket does not contribute to probable cause.  Second, the items found as a result of the search, regardless of whether those items included a firearm, could not have been part of the probable cause calculus for the search itself.  See Bostock, 450 Mass. at 624; Commonwealth v. Hilaire, 92 Mass. App. Ct. 784, 790 (2018) ("Reasonable suspicion cannot rest on later-developed facts not shown to have been known to officers at the relevant time"). For that reason, we are satisfied that the appropriate remedy is to exclude the erroneous findings from our consideration in conducting our independent review of the judge's conclusions of law.  See Commonwealth v. Wedderburn, 36 Mass. App. Ct. 558, 558-559 (1994) ("We take the facts from the judge's findings following a hearing on the motion to suppress, . . . eliminating those that, from our reading of the transcript, are clearly erroneous").  Cf. Commonwealth v. Tremblay, 480 Mass. 645, 647 (2018) (remanding case where judge failed to make findings regarding "material evidence"); Hilaire, supra at 789-790 (facts

6

on which judge relied that were based on judge's independent research were set aside and not considered in independent application of constitutional principles to remaining facts).

The remaining facts found by the judge support the conclusion that the police lacked probable cause to believe that the defendants were committing a crime at the time of the warrantless search.[5]  The judge credited Bonemery's testimony that the defendants and the occupants of the Hyundai arrived at the methadone clinic; that the defendants went in and out of the clinic and the occupants of the Hyundai did the same; that after the Hyundai's occupants got back into their car, Enrique got in the back seat of that car and the Hyundai's occupants turned around to face him; that Enrique then got out of the Hyundai and returned to the Infiniti; that both cars then drove away; and that the police stopped the Hyundai and found illegal drugs inside.  Significantly, the judge found that the police did not see Enrique hand anything to or exchange anything with the occupants of the Hyundai.  Cf. Commonwealth v. Kennedy, 426 Mass. 703, 704, 707 (1998) (probable cause found where police

---

[5] At oral argument, the Commonwealth appropriately conceded that, as to the warrantless searches, it can rely only on the evidence presented at the evidentiary hearing, and not on additional information included in the applications for the search warrants, thus withdrawing the arguments in its brief that relied on the additional information.

saw "quick" hand-to-hand transaction with known drug dealer in area known for drug crimes); Commonwealth v. Santaliz, 413 Mass. 238, 239-240, 242 (1992) (probable cause found where police saw hand-to-hand transaction in area "notorious" for illegal drugs); Commonwealth v. Santa Maria, 97 Mass. App. Ct. 490, 494 (2020) (probable cause found where police saw apparent hand-to-hand transaction in high crime area).  There was no evidence that the area in which the police made their observations of the defendants and the occupants of the Hyundai was a "high crime" area or an area known for illegal drug activity, or -- as far as the evidence at the motion to suppress hearing went -- that the defendants were known to be involved with drugs.  Cf. Kennedy, supra; Santaliz, supra; Santa Maria, supra.  There was likewise no evidence that either the defendants or the occupants of the Hyundai behaved in any unusual way that was especially suggestive of an illegal drug transaction.  Cf. Commonwealth v. Alvarado, 93 Mass. App. Ct. 469, 469-470 (2018) (probable cause found where car with out-of-state license plates stopped in area known for drug activity and defendant got into car briefly for what expert witness described as "ride to nowhere"); Commonwealth v. Sanders, 90 Mass. App. Ct. 660, 665 (2016) (probable cause found in part due to "unusual nature of the event . . . observed" by "experienced narcotics investigator").

8

Moreover, although we may infer from the judge's statement expressly crediting Bonemery's factual testimony that the judge found that Raul was standing on the sidewalk on the passenger's side of the Infiniti while Enrique was in the Hyundai, because the judge explicitly rejected Bonemery's conclusions about the significance of what the police saw, we cannot infer that Raul was "serving as a lookout." See Commonwealth v. Jones-Pannell, 472 Mass. 429, 431 (2015) ("supplemented facts [may] not detract from the judge's ultimate findings" [quotation and citation omitted]). Similarly, although the judge found that Bonemery "suspected" that he had witnessed an illegal drug transaction, the judge did not agree. Without more, the facts found by the judge do not support probable cause for the warrantless search.[6]

2. Searches of the Springfield properties. At oral argument, the Commonwealth conceded that if the warrantless searches of the defendants and the Infiniti were unlawful, such

_____

[6] The Commonwealth's reliance on Commonwealth v. Woods, 419 Mass. 366, 375-376 (1995), for the proposition that the discovery of illegal drugs in the Hyundai shortly after Enrique got in and out of that car "gave rise to a strong inference as to the nature of the transaction" between Enrique and the men in the Hyundai is undercut by the factual differences between this case and Woods. In Woods, unlike in this case, there was evidence of an actual "transaction" -- the police watched as the suspected buyer "gave the defendant what appeared to be money in exchange for an object," then "walked away from the defendant, placed the object into her mouth, entered a vehicle, and drove away." Id. at 367-368. The police made no such observations in this case.

that the evidence discovered in the illegal searches would be stricken from the affidavits supporting the applications for the search warrants, see Commonwealth v. DeJesus, 439 Mass. 616, 625 (2003), the remaining evidence supporting the application for the search warrants would be insufficient to establish probable cause.  We agree.  Given our conclusion that the police lacked probable cause for the warrantless searches, we affirm the order allowing the defendants' motions to suppress the evidence obtained using the search warrants.

Order dated September 13, 2024, allowing motions to suppress affirmed.

By the Court (Blake, C.J., Hand & Toone, JJ.[7]),

Clerk

Entered:  March 31, 2026.

---

[7] The panelists are listed in order of seniority.